# Lee Litigation Group, PLLC

30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct: (212) 465-1188
cklee@leelitigation.com

April 5, 2019

**VIA ECF**
The Honorable Valerie E. Caproni, U.S.D.J
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *Garcia et al v. Dry Clean NYC LLC. et al*
         <u>Case No. 18-cv-2922</u>

Dear Judge Caproni:

  We are counsel to Plaintiffs and write, jointly with counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

  The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).

  In this matter, the parties have reached a settlement of $90,000 for Plaintiffs' wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $90,000, of which $60,000 is being allocated to Plaintiffs. Specifically, $33,000 is being allocated to Herlinda Francisco Garcia, $20,000 to Aristeo Velazco, and $7,000 to Remija Garcia Solano. Attached hereto as **Exhibit B** are Plaintiff Herlinda Francisco Garcia's damage calculations for her alleged unpaid compensation, calculated to be $143,196.80 in back wages (23.0% recovery). Attached hereto as **Exhibit C** are Plaintiff Aristeo Velazco's damage calculations for his alleged unpaid compensation, calculated to be $74,583 in back wages (26.8% recovery). Attached hereto as **Exhibit D** are Plaintiff Remija Garcia Solano's damage calculations for her alleged unpaid compensation, calculated to be $12,612 in back wages (55.5% recovery).

Plaintiffs' damage calculations assume that all the facts alleged by Plaintiffs are entirely correct. Therefore, they are a best-case scenario. However, Defendants contest most of Plaintiffs' allegations and contend that Plaintiffs are owed significantly less, if anything. Defendants claim that Plaintiff Herlinda Francisco Garcia exaggerated the hours she worked during her period of employment and maintain that they have adequately compensated her through pay checks and cash payments. Defendants also contend that Plaintiff Aristeo Velazco and Plaintiff Remija Garcia Solano both worked less hours than they alleged. If Defendants were to succeed at trial in establishing that Plaintiffs were correctly compensated for their overtime hours, or that Plaintiff worked less hours than alleged, Plaintiffs' damages would be significantly reduced, and they would run the risk of obtaining less than the payment they are receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiffs wish to avoid the risk of further litigating their claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Plaintiffs believe the amount of $90,000 is a fair result, obtaining a portion of Plaintiffs' alleged back wages, plus attorney's fees, while eliminating the risks of trial. In fact, there would be no benefit in continuing the litigation. Further litigation would be highly risky to Plaintiffs as they would run the risk of receiving a smaller amount than what is allocated to them in the settlement.

**The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiffs and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive recovery of a portion of the alleged back wages, plus attorneys' fees, eliminating all liability against Defendants, and eliminating the burdens and costs of trial.

**The Attorneys' Fees are Fair and Reasonable**

Of the $90,000 settlement amount, $30,000 is allocated to attorneys' fees and costs, including a filing fee of $400 and service fees of $383.60. The legal fees of $30,000 equal 33.3% of the settlement amount, exactly one-third, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiffs' counsel's fees of $30,000 are fair and reasonable given the time spent by Plaintiffs' counsel. Such work includes interviewing the Plaintiffs, investigating the identity of Defendants, preparing a Complaint, amending the Complaint, preparing damages calculations, preparing for and attending an initial pretrial conference, preparing a Motion to Certify Class, preparing for and attending a status conference, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, correspondence with the mediator, preparing for and attending a mediation, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. In addition, we respectfully request that the Court not schedule the proposed conference on April 12, 2019 at 10:00 a.m. We thank Your Honor for considering this matter.

Respectfully submitted,

_s/ C.K. Lee_
C.K. Lee, Esq.

Encl.